**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**HONORABLE MARY S. SCRIVEN**

| CASE NO. 8:17-cr-420-T-35AEP | DATE: September 16, 2020 |
|---|---|
| TITLE: USA v. **Kendrick Eugene Duldulao** | |
| TIME: 9:15 AM - 10:28 AM<br>11:17 AM - 12:17 PM | TOTAL: 2 HR 13 MIN |

| Courtroom Deputy: Cynthia Biron | Interpreter: N/A |
|---|---|
| Court Reporter: David Walker-Collier | Probation: Chad Cordwell |
| Counsel for Government: | Gregory Pizzo |
| Counsel for Defendant: | Jeffrey Brown, David Wisebrod |

**CRIMINAL MINUTES**

Court in session and counsel identified for the record.

Defendant sworn and adjudicated guilty as to Count One of the Second Superseding Indictment.

Imprisonment: **TWELVE (12) MONTHS AND ONE (1) DAY.**

Supervised Release: **THREE (3) YEARS.**

Fine is waived.

Special Assessment: $100.00. This obligation is to be paid immediately.

Special conditions of supervised release:

- The mandatory drug testing provisions of the Violent Crime Control Act are waived. The Court authorizes random drug testing not to exceed 104 tests per year.

- Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Defendant advised of right to appeal and of right to counsel on appeal.

Defendant remains on presentence release under the auspices of Pretrial Services until his reporting date in May 2021. Pretrial Services is directed to evaluate whether the electronic monitoring bracelet is causing injury or unreasonable discomfort to the defendant, and if so, identify another way to monitor his compliance with his order of supervision under the circumstances.

The court denies the Government's motion for forfeiture because the Government previously waived the right to forfeiture. A separate order shall follow.

Within a month, the Defendant shall file documents requesting special placement once a designation is made.

### GUIDELINE RANGE DETERMINED BY THE COURT AT SENTENCING

| | |
|---|---|
| Total Offense Level | 8 |
| Criminal History Category | I |
| Imprisonment Range | 0 - 6 months |
| Supervised Release Range | 3 years |
| Restitution | N/A |
| Fine Range | $1,000-$1,000,000 |
| Special Assessment | $100.00 |

Defendant's Objections to PSR:
1. Presentence Report in its Entirety
2. Timeliness
3. Paragraph 49
4. Adjustment of responsibility – sustained by the Court
5. Adjustment for role in the offense (Paragraph 60)
6. Inclusion of other arrests (Paragraph 70)

Government's Objections to PSR:
1. Paragraphs 1 – 7; information does not pertain to defendant
2. Paragraph 8; information does not pertain to defendant
3. Paragraph 20 – 26; missing offense dates
4. Paragraph 30; missing language
5. Paragraph should be inserted between Paragraphs 37 & 38 regarding Gonzalez's testimony
6. Paragraph should be inserted before Paragraph 39 regarding Gonzalez's testimony

    7. Paragraph 43 – 48; acquitted conduct

Adjustments/changes to the PSR:
- Paragraphs 1 – 8; removed
- Paragraphs 20 – 28; dates of offenses added and updated as to each count
- Paragraph 30; additional language added
- Paragraph 34; additional language added
- Paragraph 35 – 42; removed
- Paragraphs 43 – 49; removed
- Paragraphs 50, 56, and 57; amended to reflect new base offense level determination
- Paragraph 70; removed
- Paragraph inserted under Heath Section of PSR: language added concerning the circumstances of the Defendant's injury and resulting infirmities